**HOSPITAL LIQUIDS, Inc., v. G. H. SHERMAN, M. D. Inc.**

**Civil Action No. 1343.**

District Court, E. D. Michigan, S. D.

March 28, 1941.

James R. McKnight, of Chicago, Ill., and John H. Flancher, of Detroit, Mich., for plaintiff.

Whittemore, Hulbert & Belknap and John S. Murray, all of Detroit, Mich., for defendant.

O'BRIEN, District Judge.

Plaintiff, Hospital Liquids, Inc., of Chicago, Illinois, filed its complaint against the defendant, G. H. Sherman, M. D., Inc., of Detroit, Michigan, alleging acts of unfair competition.

The complaint specifically alleges that plaintiff has a unique dispensing cap of a new, different and distinct size which fits plaintiff's bottles, containing glucose and dextrose solutions, so that when the cap is used with a bottle, one knows that the bottle contains plaintiff's product; that the public has acquiesced in this new, different and distinct size of dispensing cap and cooperating screw threads on the bottle as denoting plaintiff's product; that defendant makes containers that fit plaintiff's caps and could be palmed off as plaintiff's container and solution; that defendant obtained plaintiff's containers and then constructed its containers to fit plaintiff's caps, so that it might palm off its products as those of plaintiff's; that defendant's container and solutions are inferior in quality and are sold at greatly reduced prices, aggravating the unfair competition; and that defendant's containers create confusion and cause purchasers to buy defendant's products as plaintiff's products, and further that defendant's salesmen are advising customers that defendant's products are of plaintiff's manufacture.

Defendant, in its answer, denies each and every material allegation as set forth in the complaint.

In support of its case, plaintiff introduced the depositions of J. E. B. Swabacker and Dr. Alfred G. Nast, treasurer and president, respectively, of plaintiff company. Defendant, in its behalf, called as witnesses Jesse D. Laird, supervisor of specifications of the Owen-Illinois Glass Company, and Arthur G. Sherman, president of the defendant company.

Plaintiff has not sustained its burden of proof. No admissible testimony was offered to prove confusion in the sale of the two products or that defendant had palmed off its products as those of plaintiff. No testimony was offered to prove that defendant had copied plaintiff's containers. On the other hand, testimony of the witness Sherman was to the effect that defendant's containers were designed by an artist at its plant in an effort to avoid the contours of all other containers for the same product on the market. Certainly the design of defendant's liter bottle is not confusingly similar to the design of plaintiff's bottle. There is a total lack of testimony as to the inferiority of defendant's containers and solutions, or that defendant's salesmen advised customers that defendant's products are of plaintiff's manufacture.

Testimony was given to the effect that the bottles of defendant have the same diameter of screw thread as do the bottles of plaintiff. A 35 m/m screw thread was used on the bottles of both companies. No testimony was offered to indicate any confusion by reason of this similarity.

The case must therefore turn on the single question of whether or not defendant is unfairly competing with plaintiff because its bottle. has the same diameter of screw thread as does plaintiff's bottle. Plaintiff's witnesses admitted that plaintiff was complaining only about the diameter of defendant's screw thread, and were defendant to change its screw thread to a 33 or 38 m/m screw thread, plaintiff would have no further complaint. Plaintiff's witnesses further admitted that if this change were made it could not be distinguished with the naked eye. Plaintiff, however, urges that its particular screw thread was different, distinct and unique, and that it was entitled to the sole use of this size screw thread on its bottles containing these particular products. The testimony is, however, that plaintiff's particular screw thread was not new, different, distinct or unique. The witness Laird of the Owen-Illinois Glass Company, testified that the 35 m/m screw thread was adopted by the Glass Containers Association as a standard screw thread as early as 1928 and has been offered to the public from that day to this. The witness Sherman testified that the Owen-Illinois Glass Company determined the particular screw thread to be used by the defendant company. It was admitted by plaintiff, during the course of the trial, that the screw threads were functional. As plaintiff's sole complaint against the defendant is its use of a 35 m/m screw thread, and as plaintiff has also admitted that the use of such a screw thread by defendant is a functional use, it is elementary —and the courts have uniformly held—that one is not unfairly competing when, and may not be enjoined from, using a functional feature.

Plaintiff urges that the similarity of screw threads might cause confusion, but this contention has no merit, because plaintiff's particular screw threads were never emphasized as a reason for buying its products, and defendant's bottle is so different in contour from that of plaintiff, and is so well marked and labeled with its name, that there could not be the slightest chance of confusion. The complaint must therefore be dismissed.

In view of my decision I have adopted defendant's proposed findings of fact and law as my own.

A judgment will be entered in accordance with this opinion.